1  MCGREGOR W. SCOTT
United States Attorney
2  AMY SCHULLER HITCHCOCK
Assistant United States Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone: (916) 554-2700
Facsimile:  (916) 554-2900
5

6  ERIC DREIBAND
Assistant Attorney General
7  AVNER SHAPIRO
Trial Attorney
8  United States Department of Justice
Criminal Section, Civil Rights Division
9  950 Pennsylvania Avenue, NW
Washington, DC 20530
10

11  Attorneys for Plaintiff
United States of America
12

13                   IN THE UNITED STATES DISTRICT COURT

14                     EASTERN DISTRICT OF CALIFORNIA

15

16  UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-00112-WBS

                       Plaintiff,          STIPULATION AND JOINT REQUEST FOR
17                                          PROTECTIVE ORDER; PROTECTIVE ORDER

                 v.
18
NERY A. MARTINEZ VASQUEZ and,
19  MAURA N. MARTINEZ,

20                       Defendants.

21

22                   **I.      STIPULATION**

23        1.     Plaintiff United States of America, by and through its counsel of record, and defendants

24  Nery A. Martinez Vasquez and Maura N. Martinez ("defendants"), by and through their counsel of

25  record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly

26  request that the Court enter a Protective Order in this case restricting the use and dissemination of

27  certain materials containing personal identifying information (PII) and other confidential information of

28  victims, witnesses, and third parties, including minor victims and witnesses.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER          1

1        2.       On June 20, 2019, the Grand Jury returned an indictment charging defendants with one

2   count of Conspiracy to Commit Forced Labor, in violation of 18 U.S.C. § 1594(b), three counts of

3   Forced Labor, in violation of 18 U.S.C. § 1589(a), one count of Conspiracy to Harbor an Alien for

4   Financial Gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), and three counts of Harboring an Alien

5   for Financial Gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).  The indictment alleges that the

6   defendants conspired to obtain the labor and services of at least three victims, including two minors, by

7   means of force and threats of force, serious harm and threats of harm, abuse and threatened abuse of law

8   and legal process, and fear.

9        3.       As part of its investigation in the above-captioned case, the government is in possession

10  of documents relating to the charges against the defendants and seeks to provide those documents to the

11  counsel for the defendants.  Some of the materials may exceed the scope of the government's discovery

12  obligations and will be produced to promote a prompt and just resolution or trial of the case.

13       4.       The government intends to produce to the Defense Team, as defined below, materials

14  containing PII and other confidential information of real persons, including, among other things,

15  personal names, addresses, and Social Security numbers.  These real persons are victims, witnesses, or

16  third parties to this case.  The materials also contain sensitive or confidential information regarding

17  witnesses or victims who are minors, or who were minors at the time of the conduct alleged.

18       5.       The purpose of the proposed Protective Order is to prevent the unauthorized

19  dissemination, distribution, or use of materials containing this confidential or sensitive information.  If

20  this information is disclosed without protective measures, or to the defendants without limitation, it will

21  risk the privacy and security of the people to whom the information relates, and there is a significant

22  possibility that such disclosure would be detrimental to these individuals.  The information could itself

23  be used to further criminal activity if improperly disclosed or used.  The government has ongoing

24  statutory and ethical obligations to protect victims, particularly minor victims.

25       6.       Accordingly, the parties jointly request a Protective Order that will permit the

26  government to produce discovery, but preserves the privacy and security of victims, witness, and third

27  parties and minors.  The parties agree that the following conditions, if ordered by the Court in the

28  proposed Protective Order, will serve the government's interest in maintaining the privacy and security

STIPULATION AND [PROPOSED] PROTECTIVE ORDER          2

1  of victims and third parties, while permitting the Defense Team to understand the government's

2  evidence against this defendant.

3      7.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of

4  Criminal Procedure, 18 U.S.C. §§ 3771(a) and 3509(d), Local Rule 141.1, and its general supervisory

5  authority.

6                    **II.        PROPOSED PROTECTIVE ORDER**

7      **A.      Protected Materials**

8      8.      This Order pertains to all materials containing PII, identifying information, or other

9  confidential or sensitive information regarding victims, witnesses, or minor third parties (hereafter,

10 "Protected Materials.")

11     9.      For purposes of the Protective Order, the term "Personal Identifying Information" (PII)

12 includes any information within the definition of a "means of identification" under 18 U.S.C. §

13 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

14     10.     To the extent that notes are made that memorialize, in whole or in part, the PII or

15 confidential or sensitive information in any Protected Materials, or to the extent that copies are made for

16 authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected

17 Materials, subject to the Protective Order and must be handled in accordance with the terms of the

18 Protective Order.

19     **B.      Defense Team**

20     11.     For purposes of this Order, the term "Defense Counsel" refers to the defendants' counsel

21 of record.

22     12.     For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel

23 of record, (2) other attorneys at defense counsel's law firm or defense organization who may be

24 consulted regarding case strategy in the above-captioned matter, (3) licensed  investigators who are

25 assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals,

26 legal assistants, and other support staff to defendant's counsel of record providing assistance on this

27 case.  The term "Defense Team" does not include defendant, the defendant's family, or other associates

28 of the defendant.

1        13.     Defense Counsel must provide copy of this Order to all members of the Defense Team

2   and must obtain written acknowledgement from members of the Defense Team that they are bound by

3   the terms and conditions of this Protective Order, prior to providing any Protected Materials to the

4   members of the Defense Team.  The written acknowledgement need not be disclosed or produced to the

5   United States unless ordered by the Court.

6        **C.**     **Disclosure of Protected Materials**

7        14.     The Defense Team shall not permit anyone other than the Defense Team to have

8   possession of the Protected Materials, including the defendants themselves.

9        15.     No person or party shall use any Protected Materials or information derived from

10  Protected Materials produced in this action for any purpose other than use in the above-captioned case.

11  All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial,

12  post-trial, and appellate proceedings (both direct and collateral) and in this criminal action for no other

13  purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any

14  third party.  Protected Materials may be disclosed only to the categories of persons and under the

15  conditions described in this Order.

16       16.     Defendants may review Protected Materials in this case only in the presence of a member

17  of the Defense Team, and Defense Counsel shall ensure that defendants are never left alone with any

18  Protected Information.  Defendants may not copy, keep, maintain, or otherwise possess any of such

19  Protected Materials at any time.  Defendants must return any Protected Materials to the Defense Team at

20  the conclusion of any meeting at which defendant reviews the Protected Materials.  A Defendant may

21  not take any Protected Materials out of the room in which s/he is meeting with the Defense Team.

22  Defendants may not write down or memorialize any PII contained in the Protected Materials.  At the

23  conclusion of any meeting with defendants, the member of the Defense Team present shall take with

24  him or her all Protected Materials.  At no time, under any circumstances, will any Protected Materials be

25  left in the possession, custody, or control of the defendants.

26       17.     The Defense Team may review Protected Materials with a witness or potential witness in

27  this case, including the defendants, subject to the requirement above that a member of the Defense Team

28  must be present if Protected Materials are being shown to the defendants.  Before being shown any

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     4

1   portion of the Protected Materials, however, any witness or potential witness must be informed of the

2   requirements of the Protective Order.  No witness or potential witness may retain Protected Materials, or

3   any copy thereof, after his or her review of those materials with the Defense Team is complete.

4        18.     This Order does not limit employees of the United States Attorney's Office for the

5   Eastern District of California from disclosing the Protected Materials to members of the United States

6   Attorney's Office, law enforcement agencies, the Court, and defense.

7        19.     Defense Counsel shall advise the government with reasonable notice of any subpoenas,

8   document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is

9   considering disseminating any of the Protected Materials to a third party, in order that the government

10  may take action to resist or comply with such demands as it may deem appropriate.

11  **D.     Ensuring Security of Protected Materials**

12       20.     The Defense Team shall maintain the Protected Materials safely and securely, and shall

13  exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing

14  the Protected Materials in a secure place, such as a locked office.

15       21.     To the extent that Protected Materials, or any copies or reproductions thereof, are stored

16  electronically, the Protected Materials will be stored on a password-protected and encrypted storage

17  medium or device.  Encryption keys must be stored securely and not written on the storage media that

18  they unlock.

19       22.     If a member of the Defense Team makes, or causes to be made, any further copies of any

20  of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped

21  or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-

22  SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or

23  physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked

24  with the above notation.

25  **E.     Filings and Court Proceedings**

26       23.     In the event that a party needs to file Protected Materials containing PII, or materials

27  otherwise identified as containing confidential information of victims, witnesses, or third parties with

28  the Court, or disclose PII in court filings, the filing should be made under seal.  If the Court rejects the

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     5

1    request to file such information under seal, the party seeking to file such information shall provide

2    advance written notice to the other party to afford such party an opportunity to object or otherwise

3    respond to such intention.  If the other party does not object to the proposed filing, the party seeking to

4    file such information shall redact the PII or confidential materials and make all reasonable attempts to

5    avoid the divulging of PII or confidential materials.

6         24.    The parties agree to abide by 18 U.S.C. § 3509(d)(2) in all court filings.  If it becomes

7    necessary to refer to a minor victim or witness, including individuals who are now adults but were

8    minors at the time of the conduct alleged, the parties shall use agreed upon pseudonyms.

9         **F.    Conclusion of Prosecution**

10        25.    The provisions of this Order shall not terminate at the conclusion of this prosecution.  All

11   Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain

12   subject to the Protective Order unless and until such Order is modified by the Court.

13        26.    Upon final disposition of the case, including exhaustion of direct and collateral appellate

14   proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in

15   writing that the Protected Materials have been destroyed, or, if the defendant has requested a copy of the

16   Protected Materials be maintained in the Defense Team's files beyond final disposition of the case, seek

17   modification of this provision from the Court.  If any Protected Materials are used as defense exhibits,

18   they shall be maintained with government exhibits so long as those are required to be maintained.

19        **G.    Termination or Substitution of Counsel**

20        27.    In the event that there is a substitution of counsel prior to final disposition of the case,

21   new counsel of record must join this Protective Order before any Protected Materials may be transferred

22   from the undersigned defense counsel to the new defense counsel.  New defense counsel then will

23   become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian

24   of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction

25   proceedings, for complying with the provisions set forth in Paragraph 26 above.  All members of the

26   Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are

27   not relieved by termination of representation or conclusion of the prosecution Modification of Order.

28        28.    Nothing in this Order shall prevent any party from seeking modification to Order or from

STIPULATION AND [PROPOSED] PROTECTIVE ORDER          6

1 objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent any part

2 from seeking a more restrictive protective order with regard to particular discovery items.

3         **H.**      **Notice That Violation of Order Could Result In Sanctions**

4         29.      Any person who willfully violates this Order may be held in contempt of court and may

5 be subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not

6 expand or narrow the Court's contempt powers.

7         **I.**      **Application of Laws**

8         30.      Nothing in this Order shall be construed to affect or comment on the admissibility or

9 discoverability of the Protected Materials.

10         31.      Nothing in this Order shall be construed to affect the application of and the parties

11 compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

12

13 Dated:  July 8, 2019                   McGREGOR W. SCOTT
                                     United States Attorney

14

15                    By:  /s/ Amy Schuller Hitchcock
                            Amy Schuller Hitchcock
                            Assistant United States Attorney

16

17 Dated:  July 8, 2019                   /s/ Mark J. Reichel
                            Mark J. Reichel

18                             Counsel for Defendant
                            NERY A. MARTINEZ

19                             VASQUEZ

20 Dated:  July 8, 2019                   /s/ Tasha P. Chalfant
                            Tasha P. Chalfant

21                             Counsel for Defendant
                            MAURA N. MARTINEZ

22

23

24

25

26

27

28

1

2                                    **FINDINGS AND ORDER**

3          The Court having read and considered the Stipulation and Joint Request for a Protective Order,

4   which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE

5   exists to enter the above Order.

6          IT IS SO FOUND AND ORDERED

7   Dated:  July 9, 2019

8                                            _____
                                             CAROLYN K. DELANEY
9                                            UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER          8