McGREGOR W. SCOTT
United States Attorney
AMY SCHULLER HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

ERIC DREIBAND
Assistant Attorney General
AVNER SHAPIRO
Trial Attorney
United States Department of Justice
Criminal Section, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>NERY A. MARTINEZ VASQUEZ,<br>MAURA N. MARTINEZ,<br><br>                Defendants. | CASE NO. 2:19-CR-00112 WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: November 10, 2020<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

## I. INTRODUCTION

This case is set for a jury trial commencing on November 10, 2020. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the

emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

---

request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the trial to commence.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1.   By previous order, this matter was set to commence jury trial on November 10, 2020.  ECF 47.  A trial confirmation hearing was set for September 14, 2020.  ECF 51.

2.   By this stipulation, defendants now move to vacate the currently set trial confirmation hearing and continue the trial date until May 25, 2021 at 9:00 a.m., and to exclude time between November 10, 2020, and May 25, 2021 at 9:00 a.m., under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.   The parties further request that the Court set a trial confirmation hearing for April 12, 2021 at 9:00 a.m., and order that all pretrial motions be filed no later than January 26, 2021.

4.   The parties agree and stipulate, and request that the Court find the following:

    a)   Defense counsel continues to review and analyze the discovery produced by the government in this case, which to date has included over 4,000 pages of documents or items, including reports, business records, photographs, and other materials.  Portions of this discovery are in Spanish.  Additionally, certain designated items in the discovery are governed by the protective order entered in this case, which affects the manner and speed in which defense counsel is able to review.  Furthermore, the government continues to produce items in this case as they become available, including a production in March 2020, and anticipates producing further items.  It will take additional time for counsel to review and analyze this discovery.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

b)  Defense counsel also continues to conduct investigation and research into the charges and the information contained in the above-mentioned discovery, confer with their clients, and otherwise prepare for trial. Defense preparation has been significantly affected, however, by the public health concerns and public safety measures instituted related to COVID-19, as noted in the Court's General Orders 611, 612, 617 and 618, and judicial declarations of emergency. These public health concerns and the challenges presented by the evolving COVID-19 pandemic have affected defense counsel's ability to conduct investigation and confer with their clients. In some instances, the public safety measures instituted, such as stay-at-home orders, travel restrictions, and closures, have delayed or inhibited defense counsel preparation entirely, including for example, conducting interviews, investigation outside the state of California, or obtaining documents or institutions closed or partially closed due to the pandemic. Additionally, the circumstances created by the recent wildfires in Shasta County have also slowed or otherwise affected defense preparation. Nevertheless, defense counsel continues to diligently prepare for trial and confer with the government regarding resolution.

c)  Additionally, defense counsel and the United States continue to meet and confer. The parties recently convened to discuss case status and resolution on June 16, 2020. The United States thereafter extended plea offers to both defendants. These ongoing discussions, and the proposed plea agreements, have prompted additional points of investigation and research, issues about which to confer with their clients, and other points of analysis and investigation for defense counsel, which will require additional time.

d)  Counsel for the defendants also have substantial work-related and personal commitments between November 2020 and May 25, 2021. These commitments will render defense counsel unavailable to prepare this case for trial during certain periods of time between November 10, 2020 and May 25, 2021, and accordingly, additional time is needed for effective preparation.

e)  Furthermore, as noted above, the evolving COVID-19 pandemic has delayed or inhibited defense counsel's ability to effectively prepare for trial, and/or affected the manner and speed of any defense preparation that is possible. In addition to the public health concerns cited

STIPULATION REGARDING EXCLUDABLE TIME            4
PERIODS UNDER SPEEDY TRIAL ACT

by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the safety measures instituted in response to these public health concerns—such as stay-at-home orders, travel restrictions, and closures—have affected, and will continue to affect, defense counsel's ability to conduct investigation and prepare for trial, including identifying and interviewing potential witnesses and identifying and retaining potential expert(s) in this case.

  f) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  g) The government does not object to the continuance.

  h) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  i) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 10, 2020 to May 25, 2021 at 9:00 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

//
//

//

IT IS SO STIPULATED.

Dated: August 27, 2020
McGREGOR W. SCOTT
United States Attorney

/s/ AMY SCHULLER HITCHCOCK
AMY SCHULLER HITCHCOCK
Assistant United States Attorney

Dated: August 27, 2020
/s/ MARK J. REICHEL
MARK J. REICHEL
Counsel for Defendant
NERY A. MARTINEZ VASQUEZ

Dated: August 27, 2020
/s/ TASHA P. CHALFANT
TASHA P. CHALFANT
Counsel for Defendant
MAURA N. MARTINEZ

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: August 28, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

6