PHILLIP A. TALBERT
Acting United States Attorney
KATHERINE T. LYDON
TANYA B. SYED
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

KRISTEN CLARKE
Assistant Attorney General
AVNER SHAPIRO
Trial Attorney
United States Department of Justice
Criminal Section, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NERY MARTINEZ VASQUEZ AND MAURA N. MARTINEZ,<br><br>　　　　　　　Defendants. | CASE NO. 2:19-CR-112-WBS<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA HEARING; FINDINGS AND ORDER<br><br>DATE: August 23, 2021<br>TIME: 11:00 a.m.<br>COURT: Hon. William B. Shubb |

## BACKGROUND

On June 20, 2019, the defendants were indicted for violations of conspiracy to commit forced labor, forced labor, conspiracy to harbor an alien for financial gain, and harboring an alien for financial gain. ECF 1. On June 10, 2021, a superseding indictment additionally charged the defendants with kidnapping and conspiracy to commit kidnapping. ECF 59. The parties are prepared to proceed with a change of plea hearing on August 23, 2021.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

STIPULATION REGARDING USE OF VIDEOCONFERENCE　　　1

("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take safely take place in person.

In order to authorize plea hearings by remote means, however, the CARES Act—as most recently re-implemented by General Order 632—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." The general orders further require that the defendants consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless videoconferencing is not reasonably available. In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 632 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 620. Specifically, for the reasons further set forth below, the parties agree that:

1) The plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

2) Each of the defendants waives their respective physical presence at the hearing and consents to remote hearing by videoconference and each of the defendants' respective counsel joins in that waiver.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and each of the defendants, by and through their respective counsels of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public wear masks and practice physical distancing between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact. While vaccines are available, many individuals, including the defendants, have not yet been vaccinated. There has been a recent rise in the delta variant, a contagious variant of COVID-19, which has increased risks of contagion to unvaccinated individuals.

4. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.

5. On March 18, 2020, General Order 612 was issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

6. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

1  emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low
2  resources across its heavy caseload."  The report accompanying the Judicial Council's declaration
3  analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the
4  District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in
5  weighted filings) and its shortage of judicial resources (the District is currently authorized only six
6  district judges; two of those positions are currently vacant and without nominations).  The report further
7  explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its
8  guidance regarding gatherings of individuals.

9      7.    On April 17, 2020, General Order 617 issued, continuing court closures through June 1,
10 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

11     8.    On May 13, 2020, General Order 618 issued, continuing court closures until further
12 notice and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

13     9.    On June 29, 2020, this Court issued General Order 620, finding that felony pleas could
14 not be conducted in person without seriously jeopardizing public health and safety.

15     10.    On September 30, 2020, this Court issued General Order 624, finding that felony plea
16 hearings still could not be conducted in person without seriously jeopardizing public health and safety.

17     11.    On January 4, 2021, General Order 628 issued, finding that felony plea hearings still
18 could not be conducted in person without seriously jeopardizing public health and safety.

19     12.    On April 2, 2021, General Order 630 issued, finding that felony plea hearings still could
20 not be conducted in person without seriously jeopardizing public health and safety.

21     13.    On July 1, 2021, General Order 632 issued, finding that it was still warranted to hold
22 felony plea hearings via videoconference.

23     14.    Given these facts, it is essential that Judges in this District resolve as many matters as
24 possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these
25 hearings now, this District will be in a better position to work through the backlog of criminal and civil
26 matters once in-person hearings resume.

27     15.    The defendants both have an interest in resolving their case by guilty plea and proceeding
28 to sentencing.  Were this Court to delay the change of plea hearing until a time when the proceeding

may be held in person, the defendants' interest in furthering their case would be thwarted.  The plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice.

16. Under CARES Act § 15002(b), each of the defendants consent to proceed with this hearing by video-teleconference.  Each counsel for the defendant joins in this consent.

IT IS SO STIPULATED.

Dated:  August 23, 2021     PHILLIP A. TALBERT
                            Acting United States Attorney

                            /s/ TANYA B. SYED
                            TANYA B. SYED
                            Assistant United States Attorney


Dated:  August 23, 2021     /s/ MARK J. REICHEL
                            MARK J. REICHEL
                            Counsel for Defendant
                            NERY MARTINEZ VASQUEZ


Dated:  August 23, 2021     /s/ TASHA PARIS CHALFANT
                            TASHA PARIS CHALFANT
                            Counsel for Defendant
                            MAURA N. MARTINEZ

**FINDINGS AND ORDER**

STIPULATION REGARDING USE OF VIDEOCONFERENCE          5

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

   a) The plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

   b) The defendants have waived their respective physical presence at the hearing and consent to remote hearing by videoconference.

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 632, the plea hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED.

Dated: August 23, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE