UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NERY A. MARTINEZ VASQUEZ AND MAURA N. MARTINEZ,<br><br>　　　　Defendants. | No. 2:19-CR-0112 WBS<br><br><br>ORDER |

----oo0oo----

This morning, the court attempted to proceed with sentencing in this case via videoconferencing. However, after the court began to address the parties and shared its concerns regarding an important issue in the case, the parties and the courtroom deputy notified the court that they did not hear anything the court had just said.

It is yet to be determined whether the source of the problem was peculiar to that proceeding or is more general. However, particularly during a consequential discussion in a

1

1  serious case such as this, it is vitally important for the court
2  to have confidence that what it says is being heard and
3  understood by the other participants and for them to have
4  confidence that the court hears and understands what they are
5  saying.  Because of what happened this morning, the court does
6  not have that confidence if the sentencing hearing is to proceed
7  by videoconferencing.
8      Under the circumstances, the court finds that in order
9  to be assured of a fair hearing in this case defendants must
10 appear in person for sentencing.  However, under the district's
11 General Order 614, and General Orders following and extending
12 that order, our Chief Judge has specifically found that felony
13 sentencings under Rule 32 of the Federal Rules of Criminal
14 Procedure "generally cannot be conducted in person in this
15 district without seriously jeopardizing public health and
16 safety."  On December 21, 2021, by General Order 640, that
17 finding was extended for an additional 90 days after December 27,
18 2021.
19     When a judge finds that sentencing cannot be further
20 delayed without serious harm to the interests of justice, the
21 General Orders permit that judge to use videoconferencing or
22 teleconferencing for sentencing.  The Orders do not authorize the
23 judge to resort to in-person appearances under those
24 circumstances.  Even if the General Orders could be read to
25 authorize sentencing these defendants in person, this court would
26 be reluctant to do so while the finding that such proceedings
27 generally cannot be conducted without seriously jeopardizing
28 public health and safety remains in effect.

            Accordingly, this matter is continued to April 4, 2022, at 9:00 a.m. for Status Conference.  At that time, if the findings of General Order 614 have not been extended for yet another term, the court will set a date for in-person sentencing of defendants.

            IT IS SO ORDERED.

Dated:  February 7, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE