UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-00112 WBS |
| Plaintiff, | |
| v. | ORDER |
| MAURA NOEMI MARTINEZ, | |
| Defendant. | |

----oo0oo----

On April 14, 2023, defendant Maura Noemi Martinez filed a motion for compassionate release or a reduction of sentence, based on, among other things, her health issues including "long COVID," alleged exposure to toxic mold and asbestos at FCI Dublin, trauma from witnessing sexual misconduct and harassment allegedly suffered by other inmates, extensive lockdowns, and the conditions during her work assignments at the prison. Defendant also requests appointment of counsel and requests to be able to communicate via email and video with her husband, co-defendant Nery Martinez Vasquez. (Docket No. 137; see also Docket No.

1

1   136.)

2           With respect to defendant's request for appointment of
3   counsel, there is no Sixth Amendment or statutory right to
4   counsel for a motion under 18 U.S.C. § 3582(c).  United States v.
5   Bond, Case No. LA CR94-563 JAK, 2020 WL 4340257, at *1 (C.D. Cal.
6   Feb. 25, 2020) (citing United States v. Townsend, 98 F.3d 510,
7   512-13 (9th Cir. 1996); United States v. Whitebird, 55 F.3d 1007,
8   1010-11 (5th Cir. 1995)).  Here, insufficient good cause has been
9   shown to appoint counsel for defendant's compassionate release
10  motion.  Defendant has already filed her motion, and that it is
11  not clear what assistance defendant requires at this point.
12  Accordingly, the request for appointed counsel is DENIED.

13          On the merits of defendant's request for compassionate
14  release, the court recognizes that pursuant to the Supreme
15  Court's decision in Concepcion v. United States, 142 S. Ct. 2389
16  (2022), it must consider all of a defendant's nonfrivolous
17  reasons for a reduction.  United States v. Carter, 44 F.4th 1227
18  (9th Cir. 2022).  Accordingly, the court considers all of the
19  arguments raised by defendant Martinez in the instant motion.

20          While defendant claims her medical treatment is
21  inadequate, she is in fact receiving treatment, as shown by her
22  medical records.  This court is not in a position, at least on
23  this motion, to resolve the dispute between defendant and her
24  current medical providers in the Bureau of Prisons regarding the
25  adequacy of their care for, among other things, her "long COVID,"
26  "possible lung disease," "her back, knees, hernia, a racking
27  cough, and other medical ailments."  Nor is the court able to
28  infer that plaintiff would receive any better or different

1  treatment for those conditions if she were to be released prior
2  to her current discharge date.  (See Docket No. 137 at 2.)
3  Overall, the court does not find that defendant has shown that
4  her medical issues weigh in favor of compassionate release.

5         The court also acknowledges defendant's claim that she
6  has suffered trauma from witnessing sexual abuse and harassment
7  of other inmates at FCI Dublin.  While such allegations are
8  concerning, the court does not find that defendant's alleged
9  trauma from witnessing such misconduct, either alone or in
10 connection with all of the other grounds raised in her motion,
11 warrants compassionate release.[1]

12         Defendant's complaints about the conditions of her
13 confinement such as excessive lockdowns, exposure to toxic mold
14 and asbestos, and her work conditions at FCI Dublin are more
15 appropriately brought via a habeas petition under 28 U.S.C. §
16 2241, though venue for such a petition lies with the district
17 court where the petitioner is housed.  See, e.g., Hernandez v.
18 Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  Because defendant
19 is housed in FCI Dublin, in Dublin, California, which is in the
20 Northern District of California, such a petition must be brought
21 in the Northern District.  Accordingly, the court does not
22 address these allegations.

---

[1]  Defendant vaguely claims that while she was not sexually assaulted, "being in cells and other areas of the prison, while sexual acts and/or harassment is ongoing, is emotionally traumatizing."  (Docket No. 137 at 2.)  Defendant also attaches a news article and letter from a legal aid organization concerning the alleged rampant sexual abuse at FCI Dublin.  A class action complaint was apparently filed recently in the Northern District of California over these allegations.

          Finally, defendant requests that the court recommend to the Bureau of Prisons that she be allowed to have email correspondence and video visits with her husband and codefendant Nery Martinez Vasquez.  The court defers to the Bureau of Prisons on this issue and declines to make any recommendation, even assuming the court could do so more than a year after sentencing.

          Overall, based on the record before the court, defendant has not shown that extraordinary and compelling reasons warrant compassionate release or a reduction of her sentence under 18 U.S.C. § 3582(c)(1)(A).  Accordingly, her motion (Docket No. 137) is DENIED.

          IT IS SO ORDERED.

Dated:  August 21, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE